**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
Bankruptcy Judge Joseph G. Rosania, Jr.

---

In re:

NORTH SHORE MANOR, INC.,
SSN/EIN: 84-0660666

      Debtor.

Case No. 23-10809-JGR
Chapter 11, Subchapter V

---

NORTH SHORE MANOR, INC.,

      Plaintiff,

v.

COLUMBINE MANAGEMENT
SERVICES, INC.; CENTRE
PHARMACY, INC.; CENTRE ELDERLY
TRANSPORTATION, INC.; COLUMBINE
DISTRIBUTION CENTER, LLC;
COLUMBINE MEDICAL EQUIPMENT,
INC.; FRONT RANGE THERAPY
SYSTEMS, INC. d/b/a COLUMBINE
THERAPY SERVICES; and POUDRE
INFUSION THERAPY, LLC,

      Defendants.

Adversary Proceeding No. 23-01085-JGR

---

**ORDER GRANTING TEMPORARY RESTRAINING ORDER AND**
**SETTING HEARING ON PRELIMINARY INJUNCTION**

---

THIS MATTER is before the Court on North Shore Manor, Inc.'s Motion for Temporary Restraining Order (Doc. 3; "Motion" or "Verified Motion") filed on April 3, 2023. The Court, being duly advised in the premises, hereby

FINDS, pursuant to Rule 65(b), made applicable to this proceeding by Fed. R. Bankr. P. 7065, that it clearly appears from specific facts shown by the Verified Complaint and Verified Motion that immediate and irreparable injury, loss, or damage will result to North Shore Manor, Inc., and the patients in its skilled nursing facility, absent immediate entry of this Order before Defendants can be heard in opposition to the Motion. Not only does the immediate and irreparable harm resulting from the loss of Defendants' services include the potential closure of the business and frustration of the bankruptcy

restructuring process, but it also includes potential medical injuries to the patients/residents of the skilled nursing facility. The remedies attainable at law are inadequate or unascertainable for redressing the closure of a business and the attendant loss of jobs, licenses, and reputation. Furthermore, such remedies are inadequate for redressing the loss of health or life to patients/residents at the skilled nursing facility.

FINDS, pursuant to the facts alleged in the Verified Complaint and Verified Motion, that Defendants could not be heard in opposition to the Motion because Defendants are postured to cut off services after tomorrow, April 5, 2023.

Based upon these findings, the Court GRANTS North Shore Manor's Motion for Temporary Restraining Order. The Court therefore

ORDERS that a Temporary Restraining Order is entered against Defendants herein, including their attorneys, officers, agents, servants, employees, and any all persons in active concert or participation with him, to immediately (1) cease any and all efforts to terminate the Management Agreement and Vendor Agreement; and (2) continue to perform any and all obligations under the Management Agreement and Vendor Agreement through April 14, 2023, including continuing to provide pharmacy, transportation, and other services to the Debtor and the Facility's residents.

FURTHER ORDERS that this Temporary Restraining Order is entered at 4:21 p.m. on April 4, 2023, and shall expire at 12:01 a.m. on April 15, 2023, unless within the time so fixed this Order, for good cause shown, it is extended for a like period or unless Defendant consents that it may be extended for a longer period.

FURTHER ORDERS that an evidentiary hearing for a preliminary injunction on the matters raised in the Verified Complaint and Verified Motion is hereby set for **Friday, April 14, 2023, at 10:00 a.m. by Zoom videoconference only. Counsel and/or parties shall not appear in person.**

**To Join the ZoomGov Hearing:**

**https://www.zoomgov.com/j/1613245580**

**Meeting ID: 161 324 5580**
One tap mobile
+16692545252,,1613245580# US (San Jose)
+14154494000,,1613245580# US (US Spanish Line)

Dial by your location
        +1 669 254 5252 US (San Jose)
        +1 415 449 4000 US (US Spanish Line)
        +1 669 216 1590 US (San Jose)
        +1 646 828 7666 US (New York)
        +1 646 964 1167 US (US Spanish Line)

> +1 551 285 1373 US
> 833 435 1820 US Toll-free
> 833 568 8864 US Toll-free
> Meeting ID: 161 324 5580
> Find your local number:
> https://www.zoomgov.com/u/acsQhhI2T

1.    **Zoom Video Conferences:**

a.    It is counsel's and/or the parties' responsibility to ensure that they and their witnesses have the proper equipment to attend the Zoom video conference and that they and their witnesses possess complete copies of all marked exhibits prior to the Zoom video conference.  Participants should ensure that their equipment is connected to strong WIFI signal or internet connection during the trial.

b.    If counsel/parties intend to present exhibits and/or otherwise refer to written documents at the hearing, the parties shall utilize the "Share Screen" function in Zoom.  Counsel/parties should make themselves familiar with this function prior to the hearing or trial.

c.    The Court encourages anyone who will be speaking during the hearing or trial to use a headset (headphones with mic) and not rely on an internal microphone built into a computer or webcam.  Using a headset will ensure that you can be heard by other participants and in the Court's official recording.

d.    Parties should check into the Zoom video conference at least 15 minutes prior to the scheduled start time of the trial.

e.    Zoom displays a screen name for each participant in a video conference. Typically, Zoom will default to the name you gave at the time you initially set up your Zoom account (e.g. smithj or XYZCorp) or the phone number or device name from which you are calling.  To enable the Judge to identify participants, each participant should ensure that their screen name is their full first name and last name (e.g. John Smith).  You can change your screen name after being admitted to the video conference by using the rename function in Zoom.  To rename, hover your cursor over your picture and either right click or click the blue button in the upper right corner of your picture and select "Rename" and then type your first name and last name into the box that appears.  If you fail to identify yourself in this manner by the start of the trial, you may be removed from the video conference.

3

f.     The Court will not provide any type of support on Zoom for participants or attendees.  For assistance, please contact Zoom, your local IT support, or seek other online guidance.

2.     **Test Video Conference/Prehearing Training**: All parties scheduled to take part in the hearing or trial are required to test all equipment ahead of time. In advance of the video test, all parties should read the Court's guidelines for Zoom video conferences on its website at https://www.cob.uscourts.gov/zoom-video-conferences. Parties seeking to test equipment may take part in the Court's Zoom training sessions.

3.     **Exhibits:**

The parties shall comply with L.B.R 9070-1 as modified herein:

a.     The parties must exchange witness lists and <u>full sets</u> of intended exhibits, on or before **April 11, 2023**. Exhibits which have been attached to pleadings or provided as discovery responses are not considered to be exchanged for purposes of trial preparation.

b.     **A List of Witnesses and Exhibits substantially in the form of L.B.F. 9070-1.1, <u>and the Exhibits themselves</u>, shall be filed with the Court utilizing CM/ECF** on or before **April 11, 2023**.

c.     Exhibits must be marked for identification (Movant-numbers and Respondent-letters).

d.     Multi-page exhibits should be individually paginated.

e.     Expert witnesses must be specifically identified.

f.     Written objections directed to the exhibits must be filed and served on opposing counsel or party on or before **12:00 p.m. on April 13, 2023**, otherwise all objections except as to relevancy are waived.

g.     **Participant copies of exhibits**, to the extent not already provided, counsel/parties shall ensure that each witness they intend to call and each party or its representative has an identical and complete copy of the exhibits to be presented at trial. It is counsels' and/or the parties' responsibility to ensure their witnesses possess complete copies of all marked exhibits for the Zoom video conference.

h.     Counsel/parties are encouraged to confer and, if possible, prepare a list of stipulated exhibits prior to the hearing for use by the Court and all parties.

4.     **Retention of Exhibits:**  In accordance with L.B.R. 9070-1(e), upon the

4

conclusion of the trial or hearing, the attorneys or parties must retain custody of their respective original exhibits and deposition transcripts until all need for the exhibits and deposition transcripts has terminated and the time for appeal has expired, or all appellate proceedings have been terminated, plus 60 days. In the event an appeal is filed, the attorneys or parties must provide their exhibits to the appellate court pursuant to the appellate court's direction.

5.   **Notification of Settlement:**  To facilitate court preparation for this hearing or trial, any motion to continue the hearing or to vacate the hearing due to settlement shall be filed at least 24 hours prior to the scheduled hearing. Parties shall contact chambers staff by telephone at 720-904-7327 upon filing such a motion, and chambers staff will advise parties if the hearing is continued or vacated.  Except in exigent circumstances not known 24 hours before the hearing, oral motions to continue will not be entertained.  If the matter is settled and a written motion to vacate due to settlement cannot be timely submitted, counsel and parties appearing pro se may be required to appear by Zoom video conference at the scheduled hearing time to read the terms of any settlement into the record.

6.   **Court Appearances:**   If a party does not join the video conference, it will be deemed a failure to appear.  Failure to connect to the video conference in a timely manner may preclude participation in the hearing.

7.   **No Recordings:**  Counsel and/or the parties are strictly prohibited from recording any court proceeding held by video or teleconference, including taking "screen shots" or other visual copies.  Violation of this prohibition may result in sanctions as deemed necessary by the Court.

IT IS FURTHER ORDERED that failure to comply with this Order and/or the procedures identified herein may result in denial of requested relief and/or imposition of appropriate sanctions.

Dated this 4th day of April, 2023.

BY THE COURT:

_____
Joseph G. Rosania, Jr.
United States Bankruptcy Judge